NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:
SAMUEL A. ABADY,                       :
                                       :
    Plaintiff,                        :
                                       :     Civil No. 06-1419 (AET)
    v.                                :
                                       :     **MEMORANDUM & ORDER**
TOWNSHIP OF MANALAPAN,                 :
                                       :
    Defendant.                        :
_____:

THOMPSON, U.S.D.J.

INTRODUCTION

    This matter comes before the Court on (1) Plaintiff's motion for reconsideration, pursuant to L. Civ. R. 7.1(i), of the Court's April 3, 2006 Order denying Plaintiff's application for a temporary restraining order, and (2) Plaintiff's motion for entry of judgment by default. The Court has considered the parties' written submissions, and heard oral argument on May 3, 2006. For the following reasons, Plaintiff's motions are denied.

DISCUSSION

A.    Motion for Reconsideration

    Local Civil Rule 7.1(i) provides that "[a] motion for reconsideration shall be served and filed within 10 business days after the entry of the order or judgment on the original motion." D.N.J. Civ. R. 7.1(i). Under this rule, the movant must submit a "brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." Id. In other words, the movant may address only matters that were presented to the

Court, but were not considered by the Court in making the decision at issue. United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999). Relief under a motion for reconsideration is an extraordinary remedy that is to be granted "very sparingly." Maldonado v. Lucca, 636 F. Supp. 621, 630 (D.N.J. 1986).

In his motion for reconsideration, Plaintiff contends that the Court "completely misapprehended both the grounds for this lawsuit and the controlling legal principles" in denying his application and declining to issue a writ of replevin. (Pl.'s Certification ¶ 3, Apr. 6, 2006.) Plaintiff, however, does not indicate any matter or controlling decisions that he believes the Court has overlooked, and concedes that "all of [Plaintiff's legal arguments were] set forth in great detail in the brief submitted to the Court [in conjunction with the application]." (Id. ¶ 12.) Instead, Plaintiff argues that his motion should be granted because "the Court entirely missed the point" of his prior arguments. (Id. ¶ 14.) Because it is improper on a motion for reconsideration to "ask the Court to rethink what it had already thought through–rightly or wrongly," Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co., 744 F. Supp. 1311, 1314 (D.N.J. 1990), the Court will not entertain Plaintiff's motion. Ultimately, Plaintiff's relief is through the appellate process.

B.     Request for Entry of Default Judgment

Plaintiff next requests that the Court enter default judgment because of Defendant's failure to timely file its answer. (Pl.'s Decl. ¶ 8-9, May 1, 2006.) Plaintiff contends that this failure "conclusively establishes [his] entitlement to the relief sought in the complaint." (Id. ¶ 8-9.) Although it is not styled as such, the Court will treat Plaintiff's request as a motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2).

Plaintiff is not entitled to a default judgment as of right. See United States v. Willette,

Civil No. 00-5363, 2001 U.S. Dist. LEXIS 22859, at *3 (D.N.J. Dec. 19, 2001); 10A Charles A. Wright et al., Federal Practice and Procedure § 2685 (2006).  Whether to enter default judgment lies within the sound discretion of the Court.  Id.  Further, a party must have the Clerk of the Court enter default pursuant to Rule 55(a) before it may move for default judgment pursuant to Rule 55(b).  Horizon Plastics, Inc. v. Constance, No. Civ. A. 99-6132, 2000 U.S. Dist. LEXIS 11986, at *6 -7 (D.N.J. Aug. 11, 2000) (citing Fed. R. Civ. P. 55(a), Dahl v. Kanawha Inv. Holding Co., 161 F.R.D. 673, 683-84 (N.D. Iowa 1995), and DeTore v. Local No. 245 of the Jersey City Pub. Employees Union, 511 F. Supp. 171, 176 (D.N.J.1981)).

The Court's review of the docket in this matter reveals no entry of default by the Clerk of the Court, indicating that Plaintiff has not complied with Rule 55(a).  For that reason, and because an adjudication on the merits is preferred to the entry of default judgment, Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir.1984), the court will decline Plaintiff's request.

## CONCLUSION

For the foregoing reasons, and for good cause shown,

IT IS on this 6th day of July, 2006,

ORDERED that Plaintiff's Motion for Reconsideration [6] is DENIED; and it is further

ORDERED that Plaintiff's Motion for Entry of Judgment by Default [8] is DENIED.

      s/Anne E. Thompson
     ANNE E. THOMPSON, U.S.D.J.